NORTH LITTLE ROCK SCHOOL DISTRICT v.
Lousene LIPSMEYER, et al.

CA 04-376                                        191 S.W.3d 550

Court of Appeals of Arkansas
Opinion delivered September 15, 2004

PER CURIAM. Appellees' motion to strike appellant's abstract and brief and motion to dismiss appeal is denied. Appellees' brief is due in thirty days.

SAM BIRD, Judge, concurring. Although I agree with the decision of this court to deny appellant's motion to strike appellant's brief and dismiss this appeal, I do so only because it appears that appellant has relied to its detriment on a practice of the clerk of this court of granting informal, unauthorized extensions of time for parties to file briefs.

From a review of the pleadings, correspondence, and other matters in the clerk's file, it appears that appellant timely filed its record on April 8, 2004. Pursuant to Ark. S. Ct. R. 4-4(a), the clerk issued its "Notice of Filing of Appeal" in which appellant was informed that its brief was due for filing within forty days, which would have made it due not later than May 18, 2004. No brief was tendered for filing by that date.

On June 11, 2004, appellant filed a motion for leave to file a belated abstract and brief, arguing that it had not received the

clerk's notice of the brief's due date. Appellee responded with a motion to dismiss the appeal. On June 30, 2004, this court denied appellee's motion to dismiss, granted appellant's motion to file its late brief, and ordered that appellant's brief was due on July 15, 2004.

On July 14, 2004, acting pursuant to his authority under Ark. S. Ct. R. 4-4(f)(1), the clerk granted to appellant a seven-day extension in which to file its brief, making it due not later than July 22, 2004. On July 22 appellant tendered its brief to the clerk for filing, but the clerk refused to file it because the brief's index to the addendum was defective. However, the clerk granted appellant an additional seven-day extension in which to correct the indexing defect, an extension not provided for under the supreme court's rules. On July 23, appellant tendered its corrected brief, which was accepted by the clerk and filed.

On July 26, 2004, appellee filed its present motion, arguing that the clerk was without authority to grant the second seven-day extension that it granted on July 22, and urging us to strike the untimely brief and dismiss the appeal. I agree with appellant's argument that the clerk was without authority to grant the second seven-day extension. However, it is apparently a common and longstanding practice in the clerk's office to grant such unauthorized extensions for the purpose of permitting parties to correct "technical deficiencies" in briefs that are timely tendered, though not accepted, for filing. I believe that, in the absence of another motion by appellant for leave to file a belated brief, application of the supreme court's rules would be grounds for this court to grant appellee's motion and dismiss this appeal. *See* Ark. Sup. Ct. R. 4-4(f)(1); 4-5. But to do so in this case, without notice to the bar that the clerk's longstanding practice is not authorized by the supreme court's rules, would be unjust. Therefore, I join in the decision to deny appellee's motion in this case.

STROUD, C.J., PITTMAN, VAUGHT, and CRABTREE, JJ., join in this concurring opinion.